**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **DIANE HENDRICKS,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **HENDRICKS HOLDING COMPANY, INC.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 3:20-cv-00779-jdp** |
| | ) | |
| **DONALD L. REED,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| ________________________________ | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF COURT EXERCISING JURISDICTION**

Pursuant to the Court's order, Plaintiffs, Diane Hendricks ("Ms. Hendricks") and Hendricks Holding Company, Inc. ("HHC") submit this brief addressing whether there is cause for this Court to retain jurisdiction over this matter. This Court should retain jurisdiction because the issues and parties in the Rock County Circuit Court action ("Rock County Action") are not identical, and the claim asserted in this action can be dealt with expeditiously in this Court which will not occur if the claim is litigated in the Rock County Action.

**LEGAL STANDARD**

"[C]ourts must be careful not to lightly decline to exercise jurisdiction." *St. Paul Fire & Marine Ins. Co. v. Land Title Servs., Inc.*, 483 F.Supp.2d 745, 748 (E.D. Wis. 2007). While a district court has discretion to determine whether and when to adjudicate a declaratory judgment action, "[t]he mere fact that a related state court suit is pending is not in itself justification for a

district court's refusal to exercise jurisdiction" over the action. *Id.* at 748, *citing Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). Rather, a district court should consider (1) the scope of the pending state court proceeding; (2) whether the claims of all parties can be satisfactorily adjudicated in that proceeding; (3) whether all necessary parties have been joined; and (4) whether the parties are amenable to process in that proceeding. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), *citing Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Applied to this case, the fourth factor is the only factor that does not favor exercise of jurisdiction over this action.

## ARGUMENT

"*Wilton-Brillhart* abstention applies when a federal court is called upon to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (internal quotations and ellipses omitted). Conversely, a district court should exercise jurisdiction over a declaratory judgment action when the state proceeding does not address the same issues, does not include identical parties, and the federal case "will serve the useful purpose of clarifying the legal obligations among the parties." *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 647-48 (W.D. Wis. 2000).

### I. The scope of the Rock County Action is far more extensive than the narrow claim asserted in this action (factor one).

Whereas this case involves a single, non-complex issue, whether Ms. Hendricks and/or HHC are assignees of a Settlement Agreement between River's Edge Foundry, LLC ("REF") and Donald L. Reed ("Mr. Reed'), the Rock County Action, in contrast, includes a claim for damage to personal property arising out of the handling of Mr. Reed's personal property after a contamination event. That claim is substantially identical to the claim Mr. Reed has asserted

against REF in the pending arbitration proceeding. Compare, Exhibits A and B of the Declaration of Michael P. Dunn ("Dunn Declaration").

In contrast to this action which can be ready for trial in a matter of months and will take no more than a day to try if a trial is needed at all (Dunn Declaration, ¶5), Mr. Reed is seeking damages in excess of $20 million dollars in the arbitration proceeding (*Id*., ¶6), and the evidentiary hearing on his claims is scheduled to last ten days and will entail extensive testimony by expert witnesses (*Id*., ¶7). Given the similarity of the personal property claims in the Rock County Action and the arbitration proceeding, the trial of the Rock County Action will also likely last for multiple weeks. *Id*., ¶8. This factor favors retention of jurisdiction.

**II. All necessary parties have not been joined in the Rock County Action and the claim asserted in this action cannot be satisfactorily adjudicated in the Rock County Action (factors two and three).**

This Court should exercise jurisdiction over this action for the further reasons that Ms. Hendricks is not a party to the Rock County Action and the claim in this action cannot be satisfactorily adjudicated in the Rock County Action.

Staying this action will negatively impact the adjudication of the claim asserted in this action in two respects. First, it will indefinitely stay the resolution of the claim because the Rock County Action has been stayed pending completion of the arbitration proceeding. *Id*., ¶3. Second, litigating the claim in the Rock County Action will require Ms. Hendricks to participate in a lengthy trial involving complex issues that are not germane to the claim she asserts in this action. Having to submit to a lengthy trial to resolve a non-complex claim that can be expeditiously dealt with in this action is not a satisfactory means of adjudicating her claim. These factors likewise favor exercise of jurisdiction.

## CONCLUSION

This Court can provide declaratory relief without resulting in duplicative litigation because the claim in this action is separate and distinct from the claims in the Rock County Action. The Rock County Action is not a parallel proceeding that can satisfactorily adjudicate the declaratory judgment action in this case because the Rock County Action does not involve the same issues or identical parties, and the scope of the Rock County Action is much broader than the non-complex claim asserted in this action. Plaintiffs respectfully request this Court to exercise its jurisdiction and adjudicate the declaratory judgment action.

Dated: September 29, 2020

KERKMAN & DUNN

By: /s/ Michael P. Dunn
Michael P. Dunn

Attorneys for Diane Hendricks and Hendricks Holding Company, Inc.

839 N. Jefferson Street, Suite 400
Milwaukee, WI 53202
414-277-8515, 414-277-0100 (fax)
mdunn@kerkmandunn.com