IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANE HENDRICKS, and
HENDRICKS HOLDING COMPANY, INC.,

                  Plaintiffs,                  OPINION AND ORDER

   v.

DONALD L. REED,                                    20-cv-779-jdp

                  Defendant.

---

     Plaintiffs Diane Hendricks and Hendricks Holding Company, Inc. seek declaratory judgment on a single issue that is part of a larger dispute. The larger dispute is already being litigated both in an arbitration in Dane County and a civil case in Rock County. The court asked plaintiffs to show cause why the court should not stay or dismiss this case. Dkt. 6.

     Plaintiffs have responded. Dkt. 9. Plaintiffs say that they have turned to this court for a prompt declaration that they are not assignees of a settlement agreement that is at issue in both the Dane County arbitration and the Rock County case. Plaintiffs concede that the dispute they bring to this court is already at issue in the two other proceedings. But, they argue, those proceedings are more complex, and they don't want to wait for their specific question to be answered.

     The court would have jurisdiction on the basis of diversity to decide this case. But whether to exercise jurisdiction over a matter seeking purely declaratory relief is discretionary. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). Because the exact question posed by this case is already before two other tribunals, the court declines to exercise jurisdiction, and it will dismiss this case.

Under the *Wilton/Brillhart* abstention doctrine, a district court may dismiss or stay a declaratory judgment action when a parallel state proceeding is ongoing. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942). A parallel state proceeding is one in which substantially the same parties present substantially the same state-law issues. *See Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010).

The only issue in this case—whether Hendricks and Hendricks Holding are assignees of the settlement agreement—is also before the court in Rock County. The Rock County action involves other issues, too, but the state case will dispose of the single claim presented here, which is what matters. *See Id.* at 592. Extracting a single issue from a more complex state-court case is not a good basis to invoke federal jurisdiction.

It's true that Hendricks is not a named party to the Rock County case. But she is specifically named in the "Notice of Claim," the document that brought the assignment issue into that action. Dkt. 1-2. And Hendricks owns Hendricks Holding. Dkt. 8-1. The parties need not be identical for two suits to be parallel for purposes of *Wilton/Brillhart* abstention; they need only be "substantially the same." *Envision*, 604 F.3d at 987.

The court is satisfied that the claims of all interested parties can be fairly adjudicated in the Rock County action and the Dane County arbitration. Adding this court to the mix would be a waste of resources for the court and the parties. And it would risk confusing matters with an inconsistent decision on a state-law matter, for which this court claims no special expertise.

ORDER

IT IS ORDERED that the court declines to exercise jurisdiction over plaintiffs' request for declaratory judgment and this case is DISMISSED.

Entered October 8, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge